**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DEANGELO AVERY DOBBS,**

                     **Plaintiff,**

          v.                                   CASE NO. 22-3162-JWL-JPO

**STATE OF KANSAS, et al.,**

                     **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. His fee status is pending.

**Nature of the Complaint**

Plaintiff alleges that during his confinement in the Atchison County Jail, his legal mail was opened outside his presence. It appears this occurred on a single occasion. Plaintiff seeks damages for mental anguish caused by the violation of his rights under the First Amendment.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court has reviewed the complaint under these standards and has identified several defects.

First, plaintiff names the State of Kansas as a defendant. A state is not a proper defendant in an action brought under § 1983. The United States Supreme Court has held that § 1983, which allows suits to proceed against "every person" who violates the Constitution through action under color of state law, does not apply against the States or state agencies, concluding that they are not "persons" for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

Next, plaintiff names the Atchison County Sheriff's Department as a defendant. The *Will* holding has been applied to county sheriff's departments in Kansas because they are not suable entities under state law. *See, e.g.*, *Walker v. Douglas County Sheriff's Office*, 2020 WL 5513618, at *2 (D. Kan. 9/14/2020)(Douglas County Sheriff's Office is not a suable entity); *Simmons v. Kansas*, 2020 WL 1285360, at *2 (D. Kan.

3/18/2020)(Crawford County Sheriff's Office); and *Estate of Holmes by and through Couser v. Somers*, 387 F.Supp.3d 1233, 1248 (D. Kan. 2019)(McPherson County and Harvey County Sheriff's Offices). Therefore, the Atchison County Sheriff's Department also is subject to dismissal from this action.

Third, plaintiff's claim fails to identify any harm caused by the single incident in which he alleges his legal mail was opened outside his presence. As a prisoner, plaintiff has a constitutional right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 823 (1977), overruled in part on other grounds by *Lewis v. Casey*, 518 U.S. 343, 354 (1996). In order to state a claim of denial of access to the courts, however, a prisoner must show actual injury. *Lewis*, 518 U.S. 343, 350-51 (1996). *See also Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir.1998) ("To present a viable claim for denial of access to courts, however, an inmate must allege and prove prejudice arising from Defendants' actions."); *Smith v. Maschner*, 899 F.2d at 944 (an inmate alleging interference with access must allege specific facts showing that a "distinct and palpable" injury resulted from defendants' conduct). A prisoner plaintiff may show actual injury by showing that he was unable to meet a filing deadline or present a claim, which resulted in an adverse ruling or other impediment. *Lewis*, 518 U.S. at 350, 353. However, an isolated incident of opening and inspecting legal mail, such as described by plaintiff, does not establish a constitutional violation, unless there is a resulting denial of the inmate's right of access to the courts. *See Green v. Denning*, 465 F.Appx. 804, 807 (10th Cir. 2012) (unpublished) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990)); *Berger v. White*, 12 F.Appx. 768, 771 (10th Cir. 2001) (unpublished) (same).

At this point, plaintiff has not alleged any harm arising from the opening of his legal mail.

Finally, to the extent plaintiff seeks monetary damages due to mental anguish, his claim is barred by the Prison Litigation Reform Act, which states, in part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).

### Order to Show Cause

For the reasons set forth, the court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief.

In the alternative, plaintiff may submit an amended complaint that cures the defects explained in this order. Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to

and including **September 6, 2022,** to show cause or, in the alternative, to submit an amended complaint. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 9th day of August, 2022, at Kansas City, Kansas.


S/ James P. O'Hara
JAMES P. O'HARA
U.S. Magistrate Judge